UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIANCA BUCANO, | : |
| | :CIVIL ACTION NO. 3:13-CV-1782 |
| Plaintiff, | : |
| | :(JUDGE CONABOY) |
| v. | :(Magistrate Judge Mehalchick) |
| | : |
| MONROE COUNTY CORRECTIONAL | : |
| FACILITY, et al., | : |
| | : |
| Defendants. | : |

FILED
SCRANTON

FEB 10 2014

PER_____
DEPUTY CLERK

**ORDER**

AND NOW, THIS _____10th_____ DAY OF FEBRUARY 2014, IT APPEARING TO THE COURT THAT:

1. Plaintiff, formerly an inmate at the Monroe County Correctional Facility and currently an inmate at Muncy Prison, Muncy, Pennsylvania, filed this 42 U.S.C. § 1983 action on June 26, 2013 (Doc. 1);

2. The matter was assigned to Magistrate Judge Karoline Mehalchick who issued a Report and Recommendation (Doc. 28) on January 7, 2014, recommending Defendants' Motion to Dismiss (Doc. 17) be granted, non-moving Defendant Best be dismissed pursuant to 28 U.S.C. § 1915(e0(2)(B)(ii), and the Court deny Plaintiff's Motion to Amend/Correct complaint (Doc. 28 at 18);

3. Plaintiff has not filed objections to the Report and Recommendation and the time for such filing has passed.

**IT FURTHER APPEARING TO THE COURT THAT:**

1. When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 150-53 (1985). Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

2. Our review of the record reveals no clear error in the Magistrate Judge's conclusions regarding Plaintiff's claims and pending Motion to Amend (Doc. 21) with the exception of the *sua sponte* dismissal of Plaintiff's claims against Defendant Best who did not file a motion to dismiss and has not otherwise responded to the Complaint. (*See* Doc. 28 at 1 n.1, 13, 18.)

3. In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Magistrate Judge Mehalchick finds that Plaintiff's claims based upon inadequate food satisfies the first prong of a conditions of confinement claim. (Doc. 28 at 13.) She also finds that Plaintiff has partially satisfied the requirements of a free exercise of religion claim. (Doc. 28 at 16-17.) Thus, to the extent Plaintiff alleges she was served inedible and non-

kosher foods[1] and she makes these claims only against Defendant Best, these claims go forward against this Defendant given the liberal construction we must give pro se pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1982), and the fact that "[c]omplaints brought pursuant to section 1983 'need only satisfy the notice pleading standard of Rule 8(a),'" *Brown v. Calabro*, 512 F. App'x 137, 138 (3d Cir. 2013) (not precedential) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 295 (3d Cir. 2006).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Doc. 28) is ADOPTED in part;

2. Defendants' Motion to Dismiss (Doc. 17) is GRANTED;

3. Plaintiff's food related claims against Defendant Best (who did not move for dismissal) go forward and all other Defendants and claims are dismissed from this action;

4. Plaintiff's Motion to Amend Complaint (Doc. 21) is DENIED;

---

[1] In some circumstances, religion-based dietary claims may give rise to liability. *See, e.g., Daley v. Lappin*, No. 12-3393, 2014 WL 306932 (3d Cir. Jan. 29, 2014) (not precedential); *Tapp v. Proto*, 404 F. App'x 563, 565-66 (3d Cir. 2010) (not precedential) (citing *Johnson v. Horn*, 150 F.3d 276, 283 (3d Cir. 1998)); *Norwood v. Strada*, 249 F. App'x 269, 271 (3d Cir. 2007) (not precedential) ("Requiring prisoner to eat food forbidden by his religion's dietary regimen may 'substantially burden' one's religious practice and the cases generally indicate that prison administrators must provide an adequate diet without violating an inmate's religious dietary restrictions in order not to unconstitutionally burden free exercise rights." (citations omitted)).

5.  This matter is remanded to Magistrate Judge Mehalchick.

                                          *[signature]*
                                         RICHARD P. CONABOY
                                         United States District Judge

DATED: 2-10-14